# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:09-cr-00047-4 |
| | ) | CHIEF JUDGE CRENSHAW |
| HERMAN D. MAJORS, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Sentenced to 360-months imprisonment by Judge John T. Nixon, Herman Major has filed several motions, letters, and notices challenging his conviction and sentence. Initially, his claims were modest. He filed a "Motion Pursuant to 18 U.S.C. 3582 for Reduction in Sentence" (Doc. No. 476) and a Rule 60(b)(1) Motion for Relief from Final Judgment (Doc. No. 477), both of which were denied by Order dated January 18, 2019 (Doc. No. 487). That same Order deferred ruling on Majors' suggestion that he was entitled to a two-point reduction in his offense level under Amendment 782 (made retroactive by Amendment 788) pending a response from the Government. Finally in that Order, the Court granted Majors' "Motion for Appointment of Counsel" (Doc. No. 486) based upon the then recently-enacted First Step Act, H.R. 5682 (2018).

Notwithstanding counsel's conclusion that "it appears that Section 404 of the First Step Act does not offer [defendant] relief," (Doc. No. 491 at 2), Majors has redoubled his efforts and now insists that he is entitled to immediate release from imprisonment, even though he has not yet served a third of his 30 year sentence. To that end, he (1) has filed a letter to make the Court "aware that I am continued to be held illegally," (Doc. No. 496 at 1); (2) requested that the Court "exercise its inherent powers under Title [sic] III" (Doc. No. 495 at 7) and "order his release from the Federal

Correctional Institution in Edgefield, South Carolina" (Doc. No. 494 at 2); and (3) has gone so far as to proclaim that he is being held "hostage" by the Court based upon an "illegally" imposed sentence, (Doc. No. 493 at 1), a position he reiterated in a letter dated April 15, 2019 (Doc. No. 491 at 1).

To the extent that Majors' letters and notices seek relief under the First Step Act, they will be denied because he misconstrues both the application and the scope of that legislation. For one thing, the Act "does not mandate sentence reductions for defendants who meet [the requirements]; it leaves to the court's discretion whether to reduce their sentences." United States v. Glore, No. 99-CR-82-PP, 2019 WL 1060838, at *2 (E.D. Wis. Mar. 6, 2019); see also United States v. Davis, No. 07-CR-245S (1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019) ("Relief under the First Step Act is discretionary."). For another, the First Step Act does not even apply given the facts in this case.

So far as relevant, the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018), made retroactive some provisions of the Fair Sentencing Act, Pub. Law 111-220; 124 Stat. 2372 (2010), the latter of which was designed to "alleviate the severe sentencing disparity between crack and powder cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016). Under Section 2 of the Fair Sentencing Act, "[w]hat used to be a 100:1 ratio between the amount of powder and crack needed to trigger the mandatory minimums [became] an 18:1 ratio," United States v. Blewett, 746 F.3d 647, 649 (6th Cir. 2013), while Section 3 "eliminated the 5–year mandatory minimum for simple possession of crack," Dorsey v. United States, 567 U.S. 260, 269 250 (2012). Section 404 of the First Step Act, in turn, provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was

2

committed." Pub. L. No. 115-391 § 404(b); see also 18 U.S.C. § 3582(c)(1)(B).

Even if the Fair Sentencing Act was in effect at the time of Majors' offense, it would not have changed his sentence because he was convicted of conspiring to distribute 150 or more kilograms of cocaine hydrochloride, *i.e.* powder cocaine. He was not convicted of distributing or conspiring to distribute cocaine base, *i.e.* crack cocaine. Because the First Step Act enlarges only the date of the Fair Sentencing Act's coverage but does not change the "covered offenses," crimes involving powder cocaine are not within its ambit. See United States v. Sweat, No. 5:07-CR-073-JMH-2, 2019 WL 1676004, at *1 (E.D. Ky. Apr. 17, 2019) ("[T]he First Step Act retroactively applies the reduced statutory penalties for cocaine base ('crack' cocaine) offenses in the FSA to 'covered offenses' committed before August 3, 2010."); United States v. Walker, No. 1:94-CR-5, 2019 WL 1226856, at *1 (N.D. Ohio Mar. 15, 2019) ("[T]he First Step Act permits courts to impose reduced sentences for any defendants still serving sentences for crack cocaine offenses, if those sentences were imposed when the pre-Fair Sentencing Act structure still applied."); United States v. Drayton, No. CR 10-20018-01-KHV, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019) (stating that "the Court lacks jurisdiction to reduce defendant's sentence under the First Step Act" where defendant was "convicted of an offense involving powder cocaine and marijuana"). Stated more simply, the First Step Act "permits the retroactive reduction of certain drug trafficking sentences, [but] applies only to those convicted of crack cocaine offenses." United States v. Jones, No. 3:94-CR-00090, 2019 WL 1586814, at *1 (M.D. Tenn. Apr. 12, 2019) (citing cases).

In addition to increasing the temporal scope of the reduction of the crack to powder ratio found in the Fair Sentencing Act, the First Step Act lessened the penalty under the so-called "three strikes" rule. Instead of facing a mandatory life sentence, drug traffickers with two or more serious

3

drug felonies or violent felonies now face a minimum 25 year sentence. Pub. L. No. 115-391 § 401(a)(2)(A)(ii). Major's effort to avail himself of that change is unavailing for two reasons. First, he was not sentenced to mandatory life imprisonment without parole, but rather to 30 years imprinment. Second, the Act itself provides that this amendment shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Id. 401(c). The First Step Act was enacted on December 21, 2019; Majors was sentenced on June 22, 2012.

That leaves Majors' request for a two-level offense reduction pursuant to Amendments 782 and 788. In response to this Court's prior Order regarding this issue, the Government correctly notes that Majors' convictions based on 150 kilograms or more of cocaine garnered him an offense level of 38. The Government goes on to argue that even if the level could have been higher based upon the Presentence Investigation Report ("PSI") indication that some of the powder cocaine was actually processed into crack cocaine, the Court need not consider that possibility because the guideline range would still be 360 months to life because Majors is a career offender. On this point, the Government writes:

> [D]efendant's prior convictions for attempted robbery and perhaps evading arrest (PSI, para. 49) in combination with his prior conviction for aggravated assault (PSI, para 54) qualify him as a career offender under U.S.S.G. §4B1.1 since he was convicted of at least two separate felony crimes of violence in those two incidents. Although the defendant's filing . . . claims without explanation that the career offender enhancement was misused, the United States believes that at least the attempted robbery and aggravated assault clearly qualify him as a career offender since at least those two convictions are crimes of violence.
>
> Since the statutory maximum for his offense of conviction was life imprisonment, his offense level as a career offender is 37 pursuant to U.S.S.G. §4B1.1. Thus, if the defendant's offense level was reduced now to 36 under the retroactive reduction to the drug guidelines, the career offender calculations would now be higher, and would control. U.S.S.G. §4B1.1(b)(offense level from career offender table applies if it is

greater than the otherwise applicable offense level). The defendant would then be in offense level 37 and remain in Criminal History Category VI, which produces the same Guideline range applied at the original sentencing – 360 months to life. Since the retroactive amendments did not reduce the defendant's guideline range, which is a prerequisite to exercising any discretion in determining whether or not to reduce a defendant's sentence under §3582(c) and the referenced Guideline amendments, the defendant's request for a sentence reduction must be denied.

(Doc. No. 488 at 2).

In response, Majors asserts that if he is a career offender, he did not receive notice in accordance with 21 U.S.C. §851, that provides:

> No person who stands convicted of an offense under this part [drug trafficking] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

21 U.S.C.A. § 851(a)(1).

"Section 851 was designed to satisfy the requirements of due process and provide the defendant with 'reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism.'" United States v. King, 127 F.3d 483, 489 (6th Cir. 1997) (quoting United States v. Belanger, 970 F.2d 416, 418 (7th Cir. 1992)). However, "the section 851(a) requirements are not jurisdictional." United States v. Pritchett, 496 F.3d 537, 546 (6th Cir. 2007). Moreover, the Sixth Circuit has previously determined that "'the requirements of § 851(a)(1) apply only to [a] statutory sentence enhancement, not [a] sentence enhancement under § 4B1.1 of the Sentencing Guidelines.'" United States v. Sanders, 406 F. App'x 995, 998 (6th Cir. 2011) (quoting United States v. Mans, 999 F.2d 966, 969 (6th Cir. 1993)). Thus, where a "statutory

5

maximum sentence [is] not increased by reason of [defendant's] prior conviction, there [is] no violation of § 851," and the Government is "under no obligation to inform the defendant of the potential applicability of Section 4B1.1 of the Sentencing Guidelines." Id. (citing United States v. Wright, 43 F. App'x 848, 851 (6th Cir. 2002)).

The applicability or inapplicability of Section 851 notice aside, any certainty the Government has as to Majors' career offender status is cast into doubt by its "belie[f]" that the attempted robbery and aggravated assault qualify for the enhancement, and its further suggestion "that coordination with the U.S. Probation Office to obtain a supplemental presentence investigation report may be appropriate so the Court may obtain input regarding the Guideline issue addressed above, and so there is verified documentation in the record of this case for the Court to issue its final ruling on this matter." (Doc. No. 488 at 3). Input from the Probation Office on Sentencing Guideline matters is often helpful. Quite obviously, however, the Probation Office cannot advocate on Majors' behalf. Nor can it be expected to argue about the propriety of imposing a sentence by possibly recalculating the Guidelines to achieve a predetermined offense level so as to avoid the potential application of Amendments 782 and 788. At this point, what will be more helpful to Majors and the Court is to have counsel look into the issue of whether Majors is entitled to relief under the recent sentencing amendments. For this reason, the Court will reappoint Michael C. Holley of the Federal Defender's Office to explore Major's claim that he is entitled to a sentencing reduction base on those amendments.

Prior to closing, one more matter to be addressed. In the January 18, 2019 Order, this Court denied Majors' "Rule 60(b) Motion for Relief from a Final Judgment, Order and Proceedings" (Doc. No. 477) because it was effectively a Section 2255 motion and untimely. In arriving at this

conclusion, the Court noted that "Majors presents absolutely nothing to suggest any grounds for equitable tolling, or why he has waited years after his conviction became final to seek relief." (Doc. No. 481 at 2). Majors has filed an Objection to that conclusion wherein he claims to have been diligently pursuing relief. He then cites the Sixth Circuit's decision affirming his and a co-Defendant's convictions, United States v. Patterson, 587 F. App'x 878 (6th Cir. 2014); Judge Aleta A. Trauger's decision denying the 21 grounds raised in his original Section 2255 Motion, Majors v. United States, No. 3:15-CV-0799, 2016 WL 7438959, at *3 (M.D. Tenn. Dec. 27, 2016); and the Sixth Circuit's affirmance of Judge Trauger's decision, Majors v. United States, 729 F. App'x 434, 435 (6th Cir. 2018). That Majors was involved in and pursued those cases simply does not address this Court's point that he waited years to raise issues that were known, or should have been known, at the time of trial. Further, a Rule 60(b)(1) Motion must be filed within one year after entry of the judgment or order, Fed. R. Civ. P. 60(c)(1), but Majors did not file his motion until almost two years after Judge Trauger issued her ruling. Regardless, and out of an abundance of caution, because Majors' Rule 60(b) Motion could arguably be considered a successive petition under Section 2255, that filing will be forwarded to the Sixth Circuit for its consideration as required by In re Sims, 111 F.3d 45, 47 (6th Cir.1997).

In summary, the Court rules as follows:

(1) Major's motions, letters, and requests for relief under the First Step Act, including his "Motion titled Motion to Alter/Amend Sentence Pursuant to the First Step Act of 2018" (Doc. No. 494) are **DENIED**.

(2) Majors' Objection (Doc. No. 489) to this Court's January 18, 2019 Order is **OVERRULED**. However, the Clerk of the shall transfer Majors' "Fed. R. Civ. P. 60(b)(1) Motion

7

for Relief From a Final Judgment, Order, and Proceeding" (Doc. No. 477) to the Sixth Circuit, along with a copy of this Memorandum Opinion and Order, for its consideration of whether Major should be permitted to file a second or successive motion under 28 U.S.C. § 2255(h).

(3) The Federal Defender's Office shall **REAPPOINT** Michael C. Holley to address whether Majors is entitled to a sentence reduction under Amendment 782 and 788. A supplemental brief on this issue shall be filed by counsel within thirty (30) days of entry of this Order, with any response from the Government to be filed within fourteen days (14) days thereafter.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE