# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:09-cr-00047-4 |
| HERMAN D. MAJORS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Sentenced to 30 years in prison on his convictions for conspiracy to possess with intent to distribute 5 kilograms of cocaine in 2012, Herman Majors has repeatedly sought a reduction of his sentence or release from imprisonment. Towards that end, he has filed at least two other lawsuits. (Case Nos. 3:15-cv-00799 & 3:17-cv-01230). In this case alone, he has filed a Motion to Reduce Sentence under 18 U.S.C. § 3582 (Doc. No. 477); a Motion for Relief from Final Judgment Under Rule 60(b) (Doc. No. 477); Objections to the denial of those two motions (Doc. No. 489); and a Motion to Void Sentence (Doc. No. 494). Those motions have been denied, and the objections overruled.

After Majors filed a Motion to Alter or Amend Sentence Pursuant to the First Step Act (Doc. No. 495), counsel was reappointed and instructed to file a supplemental brief. In that brief, counsel argues that because Amendment 782 of the United States Sentencing Guidelines amended the drug tables in § 2D1.1 by lowering all base offense levels by two levels, Majors' offense level drops from 38 to 36 and, consequently, his Guidelines range is reduced from 360 months to life to 324 to 405 months. Accordingly, counsel asks that Majors sentence be resentenced to 324 months imprisonment. (Doc. No. 502).

Initially, the Government opposed any sentence reduction, being of the view that Major was a career offender and, as such, ineligible for relief. It has since changed its position, however, because the presentence report did not characterize Majors as a career offender. This may have been because (1) Majors' aggravated assault conviction did not necessarily require the requisite intent, or (2) the career offender determination would have been irrelevant because the drug quantity coupled with a Criminal History Category VI alone placed Majors in the 360 month to life range. Either way, the Government now has no objection to the sentence being reduced to 324 months, which is the low end of the Guidelines based on the application of Amendment 782.

Apparently dissatisfied with that reduction, Majors has filed a *pro se* "Motion to Seek Relief Pursuant to Amendment 789," (Doc. No. 504), in which he requests that he be released from imprisonment. Amendment 789 provided only technical and clerical changes to the Guidelines, not substantive changes. To the extent Majors actually seeks relief based upon Amendment *789*, which authorized retroactive application of Amendment 782 to defendants sentenced before November 1, 2014, release is not authorized because "[t]he court may only reduce the defendant's term of imprisonment" to "the minimum of the amended guideline range[.]" United States v. Cannon, 692 F. App'x 228, 231 (6th Cir. 2017).

Reductions in sentences under Amendment 782 are not automatic. Rather, whether to reduce a sentence is a matter of discretion for the district court to determine in light of the sentencing factors in 18 U.S.C. § 3553(a). United States v. Domenech, 675 F. App'x 519, 523 (6th Cir. 2017); see also, 18 U.S.C. § 3582(c)(2) (emphasis added) (stating that "the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a)").

Here, the 3553(a) factors cut both ways. As the Government points out, just as it did during

2

the original sentencing before Judge John T. Nixon, Majors has a lengthy criminal history record, including an aggravated assault conviction wherein he used a baseball bat that resulted in serious bodily injury to another. He was also responsible for trafficking in kilogram quantities of cocaine. Nevertheless, Judge Nixon sentence Majors to 360 months which was the low end of the then-applicable Guidelinse range.

On the other hand, Majors is now almost 55 years old, and the Government does not dispute Majors' claim that he has behaved well in prison over the last decade. Even with the three year reduction in sentence authorized by Amendment 782, Majors will still have a lengthy sentence to serve. Based upon statistical evidence compiled by the Sentencing Commission, "[r]ecidivism rates decline relatively consistently as age increases." United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines 12 (2004). Indeed, "these statistics suggest that past fifty years old there is a significantly lower rate of recidivism," and "[b]oth the Guidelines and [Sixth] Circuit[] cases explicitly acknowledge that a defendant's age, and specifically old age, is a relevant consideration in sentencing." United States v. Payton, 754 F.3d 375, 379 (6th Cir. 2014).

Here, after reviewing the joint recommendation from counsel, and considering that Judge Nixon sentenced Majors to the low end of the Guidelines range at the time, the Court will do the same in applying Amendment 782. An Amended Judgment will be entered sentencing Majors to 324 months imprisonment.

Finally, Majors' Motion for Extension of Time to File a Supplemental Pleading (Doc. No. 500) is **DENIED AS MOOT**. His *pro se* "Motion to Seek Relief Pursuant to Amendment 789"

(Doc. No. 504) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE