**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:09-cr-00047-4** |
| | ) | |
| **HERMAN MAJORS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

Herman Majors filed two pro se motions for compassionate release or reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. Nos. 651, 657). Appointed counsel supplemented Mr. Majors's pro se filings (Doc. No. 677), and the Government filed a response in opposition. (Doc. No. 685). Mr. Majors has filed two replies. (Doc. Nos. 686, 690). There is no dispute that he has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the motions (Doc. Nos. 651, 657, 677) will be denied.

## I. Background

In 2004, Mr. "Majors entered into a conspiracy to distribute cocaine with Adrian Patterson, Cleo Patterson, and others." Majors v. United States, 729 F. App'x 434, 435–36 (6th Cir. 2018). He was arrested later that year "while transporting twenty-six kilograms of cocaine," id., initially charged in this case in 2009 (Doc. No. 9), and prosecuted on a superseding indictment in 2011 (Doc. No. 192). Following trial, the Court sentenced him to 360 months imprisonment followed by five years of supervised release (Doc. No. 300 at 1), which was later reduced to 324 months



Case 3:09-cr-00047 Document 703 Filed 10/27/26 Page 1 of 6 PageID #: 8297

imprisonment.[1] Majors appealed, and the Sixth Circuit affirmed his conviction and sentence. United States v. Patterson, 587 F. App'x 878 (6th Cir. 2014). He then sought relief under 28 U.S.C. § 2255. This Court denied that motion, and the Sixth Circuit again affirmed. Majors v. United States, 729 F. App'x 434 (6th Cir. 2018).

Since the denial of his § 2255 motion, Mr. Majors has filed numerous post-conviction motions seeking reduction of his sentence. (See, e.g., Doc. Nos. 476, 477, 494, 495, 504). Majors first sought compassionate release in 2021. (Doc. Nos. 577, 605). The Court denied it (Doc. No. 615), and the Sixth Circuit affirmed. (Doc. No. 630). Majors now renews his request, citing largely the same health conditions that the Court considered in denying his first compassionate release request.

He also relies on the Sentencing Commission's updated policy statement regarding compassionate release. See U.S.S.G. § 1B1.13(b)(6). Mr. Majors's pro se motions do not explain how the updates apply to him, and his counsel's supplemental motion effectively concedes that they do not. (See Doc. No. 677 at 4) ("Mr. Majors's circumstances do not fit squarely within the U.S. Sentencing Guidelines' triggering events [.]")

In sum, Mr. Majors cites health conditions that the Court already considered and an updated policy statement that does not apply to him.

---

[1] In January 2020, the Court reduced Mr. Majors's sentence from 360 months to 324 months pursuant to Amendments 782 and 788 to the Sentencing Guidelines. (Doc. Nos. 543 at 1 and 615 at 7 n.4). Bureau of Prison records reflect that reduced sentence and show a projected release date of April 1, 2038. See Results for "Herman Majors," FIND AN INMATE, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed Oct. 25, 2026).

## II. **Legal Standard**

Under 18 U.S.C. § 3582(c)(1)(A)(i), "district courts can reduce a prisoner's term of imprisonment when the prisoner makes three showings: (1) extraordinary and compelling reasons warrant such a reduction; (2) the reduction is consistent with the Sentencing Commission's applicable policy statements; and (3) the factors set forth in § 3553(a) support the reduction." United States v. Hall, 179 F.4th 504, 508 (6th Cir. 2026) (internal quotation marks omitted) (cleaned up). Defendant bears the burden of persuasion. United States v. Dick, 2021 WL 5850187, at *4 (M.D. Tenn. Dec. 9, 2021). A court must address all factors when granting relief but need not do so if one of those factors indicates that relief is not warranted. United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021).

In 2023, the Sentencing Commission promulgated a policy statement on "extraordinary and compelling." Hall, 179 F.4th at 509 (citing U.S.S.G. § 1B1.13(b)). It explained that "extraordinary and compelling" reasons exist in six circumstances, "or a combination thereof." Id. (internal quotation marks omitted).

> First, Medical Circumstances, such as a terminal illness or a serious condition that a prison can't treat. § 1B1.13(b)(1). Second, Age, meaning a prisoner who is at least 65 years old, is in deteriorating health, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less. § 1B1.13(b)(2). Third, Family Circumstances, which applies to prisoners who are the primary caregiver for an incapacitated relative. § 1B1.13(b)(3). Fourth, Victim of Abuse, meaning a prisoner who was abused by prison workers. § 1B1.13(b)(4). [Fifth,] the Commission added a catch-all. Sixth, the Commission added Unusually Long Sentence, which applies to prisoners who have served at least 10 years of a sentence that a new change in the law would've shortened.

Id. (cleaned up).

## III. Analysis

A. Extraordinary and compelling reasons.

Mr. Majors argues, directly or indirectly, for application of nearly all of the six policy statements in U.S.S.G. § 1B1.13(b)(1)–(6). Each argument fails.

First, Mr. Majors claims he received an "unusually long sentence" pursuant to § 1B1.13(b)(6), thus warranting a reduced sentence. He concedes that his "circumstances do not fit squarely within the parameters of this section[.]" (See Doc. No. 677 at 3). Furthermore, after briefing closed, the Sixth Circuit invalidated §1B1.13(b)(6), United States v. Bricker, 135 F.4th 427, 430 (6th Cir. 2025), and the Supreme Court "endorsed [the] view" expressed in Bicker. Hall, 179 F.4th at 510 (citing Rutherford v. United States, 608 U.S. 454 (2026)).

Second, Mr. Majors relies on the advanced age provisions of § 1B1.13(b)(2). However, he has not reached the required age of 65 that would trigger this provision. He was born January 29, 1964, and is 62 years old. (Doc. No. 310 ¶ 72).

Third, Mr. Majors relies on the medical circumstances provisions of § 1B1.13(b)(1)(B). The Court previously considered Mr. Majors's medical conditions and denied relief, even in the midst of the COVID-19 pandemic. (Doc. No. 615 at 2–4). The pandemic has since abated, and Mr. Majors has not shown that his medical conditions are any more severe than the last time they were (or could have been) considered. (Compare Doc. No. 657 at 2 (citing a BMI of 35.1, essential hypertension, myocardial infarction, stage 3 kidney disease, type 2 diabetes, high blood pressure, and enlarged prostate), with Doc. No. 615 at 2 (considering "essential hypertension; stage 3 chronic kidney disease; insulin-dependent Type 2 diabetes; an enlarged prostrate; an old myocardial infarction; and obesity (based upon a body mass index (BMI) of 35.1)"), and Doc. No. 310 ¶ 72 (PSR citing diabetes, acid reflux, high blood pressure, and prostate problems)).

Fourth, Mr. Majors relies on the catch-all provisions of § 1B1.13(b)(5) and states that it applies to his "combination of serious medical conditions, an unusually long sentence of 27 years, and a consistent demonstration of rehabilitation[.]" (Doc. No. 677 at 4). Rehabilitation alone is not an extraordinary or compelling circumstance. See Hall, 179 F.4th at 511. And as explained above (and previously), Mr. Majors's arguments concerning his medical conditions and the length of his sentence are unavailing. "Because the other grounds [Mr. Majors] offers for a sentence reduction are unavailing, so is this one." United States v. Washington, 122 F.4th at 268 (6th Cir. 2024).

Finally, in his two reply briefs, Mr. Majors highlights that President Biden commuted the sentences of two of his co-defendants, John Mozell Banks (Doc. No. 686) and Adrian Patterson (Doc. No. 690). Both replies acknowledge that "the reason for granting clemency is unstated." (Doc. Nos. 686 at 2, 690 at 1). If the stated, explicit reasons for clemency were to "apply equally" to Majors, this argument might be availing. See United States v. Montgomery, 2021 WL 1857339, at *3 (M.D. Tenn. May 10, 2021). However, without any stated reasons, "his co-defendant's receipt of a Presidential commutation are not extraordinary and compelling reasons for compassionate release." United States v. McDonald, 2020 WL 3166741, at *8 (W.D. Tenn. June 8, 2020); see also United States v. Askew, 736 F. App'x 781, 785 n.2 (11th Cir. 2018) ("President's commutation of his co-defendant's sentence did not require the district court to reduce Askew's sentence to avoid an unwarranted sentence disparity.").

B. 18 U.S.C. § 3553(a) factors.

Because Mr. Majors has failed to establish extraordinary and compelling circumstances for compassionate release, the Court need not address the 18 U.S.C. § 3553(a) factors. Elias, 984 F.3d at 519. Furthermore, Mr. Majors has provided no basis for the Court to reconsider its prior

conclusion that compassionate release "would not serve as a specific deterrent to him or as a general deterrent to others. It would also diminish the gravity of the crime for which he stands convicted." (Doc. No. 615 at 7–8).

## IV. Conclusion

Because Mr. Majors has not shown that "extraordinary and compelling reasons warrant such a reduction" 18 U.S.C. § 3582(c)(1)(A)(i), and the Section 3553(a) factors do not warrant relief, his pro se motions and supplemental motion for compassionate release (Doc. Nos. 651, 657, 677) will be denied.

An appropriate order will enter.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE